IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ROME)

| | |
|---|---|
| IN RE:<br>Toyia Mayhew Campbell<br><br>**Debtor(s)**. | CASE NO. 26-41495-pwb<br>CHAPTER 13<br><br>Judge Paul W. Bonapfel<br><br>CONTESTED MATTER |

**RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)**

COMES NOW, Progress Residential Borrower 9, LLC (hereinafter "Respondent"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and herein files its response to the Motion of TOYIA MAYHEW CAMPBELL ("Debtor"), as filed on September 4, 2026 [Doc. 8, Doc. 9] (collectively "Motion") to Extend the Automatic Stay, pursuant to 11 U.S.C. § 362(c), respectfully showing this honorable Court as follows:

1.

The instant Bankruptcy proceeding was filed on September 4, 2026.

2.

On May 14, 2026, Debtor filed prior Bankruptcy Case No. 26-40820 ("Prior Bankruptcy"), Chapter 13, within the Northern District of Georgia.

3.

Said Prior Bankruptcy was dismissed on September 1, 2026, due to Debtor's failure to make plan payments.

4.

Within the Prior Bankruptcy, Respondent[1] filed a motion for relief from automatic stay on August 14, 2026 due to Debtor's failure to make post-petition rental payments for that certain rented residential real property known as 72 Brookvalley Cmns, Dallas, GA 30157 ("Property"). *See* Prior Bankruptcy, Doc. 13. *See also* Prior Bankruptcy, Claim Register 1-1 (Respondent proof of claim filed as to the Property, including lease for the Property as an attachment).

5.

At the time of filing of the foregoing motion for relief within the Prior Bankruptcy, Debtor had failed to pay any post-petition rent for the Property to Respondent. *See* Prior Bankruptcy, Doc. 13.

6.

A hearing was noticed in the Prior Bankruptcy for September 9, 2026, as to Respondent's motion for relief as to the Property. Id.

7.

However, the Prior Bankruptcy was dismissed by this Court on September 1 2026, due to Debtor's failure to comply with plan payments. *See* Prior Bankruptcy; *see* Debtor's Notice of Prior Filings; *see* Am. Motion, Doc. 9.

8.

Because the Prior Bankruptcy was pending within the preceding one-year period but was dismissed, the stay under 11 U.S.C. § 362(a) terminates with respect to the Debtor on the thirtieth day after the filing of the instant bankruptcy proceeding.

---

[1] Prior retained counsel for Respondent failed to attach a copy of the lease as evidence of its landlord-tenant relationship with Debtor; a true and accurate copy of the same is attached hereto as Exhibit A.

9.

Respondent asserts that the Motion filed by Debtor is in bad faith as to Respondent pursuant to 11 U.S.C. § 362(c)(3)(C)(ii).

10.

Particularly, the instant bankruptcy was filed in bad faith with respect to Respondent pursuant to 11 U.S.C. § 362(c)(3)(C)(ii) because Respondent, within the Prior Bankruptcy at the time of its dismissal, had pending relief requested pursuant to 11 U.S.C. § 362(d) as evidenced by the motion for relief filed as to the Property within the Prior Bankruptcy to lift the automatic stay based on Debtor's failure to make post-petition payments. Prior Bankruptcy, Doc. 13.

11.

Pursuant to 11 U.S.C. §362(c)(3)(C)(ii), and in light of the aforementioned facts, a bad faith presumption arises in light of Debtor's actions as to Respondent. Based on the facts set forth above, as not otherwise rebutted within Debtor's motion, Debtor has failed to rebut the bad faith presumption of his actions in filing the instant bankruptcy as to Respondent, and accordingly the automatic stay cannot extend as to Respondent. See also *In re Pruitt*, 2016 WL6195927 at *4 (Bankr. S.D. Ga., 2016).

12.

Additionally, within Debtor's proposed plan within the instant bankruptcy proceeding, Debtor proposes to reject its lease with Respondent. Doc. 3, § 6.1.

In the alternative, the instant bankruptcy was filed in bad faith pursuant to 11 U.S.C. §362(c)(3)(C)(i)(I). Despite Debtor previously representing in the Prior Bankruptcy that the lease

with Respondent for the Property would be assumed, and not rejected, Debtor failed to pay any post-petition rent owing.

13.

Debtor, in filing the instant bankruptcy action, seeks to impose the automatic stay on a property which Debtor is (1) delinquent on rent for April 2026 and all months thereafter and (2) proposing to reject the lease for the Property. An imposition of the automatic stay upon Respondent would unquestionably harm Respondent; moreover, as acknowledged by Debtor in the proposed plan, the Property is not necessary for an effective reorganization of the estate.

14.

Respondent respectfully requests that the Automatic Stay pursuant to Rules 4001 and 9014 of the Bankruptcy Rules, 11 U.S.C. §§ 362(c)(3)(C)(ii) or alternatively 362(c)(3)(C)(i)(I), and 11 U.S.C. § § 362 (a)(d) is not extended and/or imposed on Respondent. Respondent asserts that it will suffer harm if the aforementioned Automatic Stay is extended and/or imposed, including Respondent lacking adequate protection for the additional harm caused Respondent due to the additional delays in recovering possession of the Property.

WHEREFORE, Respondent PROGRESS RESIDENTIAL BORROWER 9, LLC prays for the following relief:

(a) That the Court deny Debtor's Motion to Extend Automatic Stay as to Respondent;

(b) That an order be entered memorializing that the automatic stay pursuant to § 362(d) of the Bankruptcy Code is terminated, annulled, modified, and shall not be imposed as to Respondent and the Property;

(c) That the Court waive and/or modify Bankruptcy Rule 4001(a)(3) so as to allow Respondent to continue to proceed with a dispossessory action, as authorized within the Prior Bankruptcy; and

(d) For such other and further relief as this Court deems just and equitable.

Respectfully submitted, this Monday, September 28, 2026.

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136,
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR *Progress Residential Borrower 9, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO EXTEND STAY PURSUANT TO 11 U.S.C. SECTION 362(c)(3)***in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all parties or counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

Paige N. Pierson
The Semrad Law Firm, LLC
191 Peachtree St NE, Ste 3285
Atlanta, GA 30303

K. Edward Safir
Standing Chapter 13 Trustee
Suite 1600
285 Peachtree Center Avenue NE
Atlanta, GA 30303

I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients not participating in the CM/ECF system as follows

Toyia Mayhew Campbell, pro se
72 Brook Valley Commons
Dallas, GA 30157

Dated: Monday, September 28, 2026.

/s/ Matthew F. Totten
MATTHEW F. TOTTEN
(Georgia Bar No. 798589)
ATTORNEY FOR RESPONDENT

THE TOTTEN FIRM, LLC
5579 Chamblee-Dunwoody Rd, Ste B-136,
Atlanta, GA 30338
(404) 692-4342 (Telephone)
mft@tottenfirm.com