UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| IN RE: TOYIA MAYHEW CAMPBELL, | { CHAPTER 13 |
| | { |
| DEBTOR | { |
| | { CASE NO. R26-41495-PWB |
| | { |
| | { JUDGE BONAPFEL |

**OBJECTION TO CONFIRMATION**

COMES NOW K. EDWARD SAFIR, CHAPTER 13 TRUSTEE herein, and objects to Confirmation of the plan for the following reasons:

1. The Debtor's payments under the proposed plan are not current.

2. Pursuant to testimony from the 341 Meeting, it appears that the Chapter 13 petition no longer references the current mailing address of the Debtor.

3. The Debtor has failed to provide the Trustee with a copy of the federal tax return or transcript of such return for the most recent tax year ending immediately before the commencement of the instant case and for which a federal income tax return was filed, in violation of 11 U.S.C. Section 521(e)(2)(A)(i). Therefore, the Trustee requires that the Debtor

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

provide the Trustee with a sworn statement by the Debtor, in addition to the tax return, which states that the tax return provided is a true copy of the most recent tax return filed.

4. The Chapter 13 Plan fails to provide the purchase date for the claim of E & S Auto Paisano, preventing the Trustee from properly administering this plan.

5. The Chapter 13 plan fails to provide for the assumption and funding, or rejection of executory contracts owed to a residential lease and Aaron's. 11 U.S.C. § 365(b)(1)(C).

6. The Chapter 13 budget fails to include expenses for Aaron's in the amount of $540.00 per month; thereby, possibly rendering the proposed Chapter 13 plan payment to be infeasible, in violation of 11 U.S.C. Section 1325(a)(6).

7. The Debtor's Chapter 13 plan fails to provide for an increase in payments when direct payments at $540.00 per month for Aarons end, in violation of 11 U.S.C. §§ 1325(a)(3) and 1325(b)(2)(A).

8. Schedule G fails to reflect the Debtor's executory contract with Aaron's. 11 U.S.C. § 342, Fed. R. Bankr. P 1007(b).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of this Debtor's plan and to dismiss the case; or, in the alternative, convert the case to one under Chapter 7.

/s/
Brandi L. Kirkland, Attorney
for the Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com

R26-41495-PWB

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I electronically filed the foregoing pleading using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Semrad Law Firm, LLC

I further certify that on this day I caused a copy of this document to be served via first-class United States mail, postage prepaid, on the following parties at the address shown for each:

Toyia Mayhew Campbell
53 Burlington Road, NE
Rome, GA 30161

This 27th day of October, 2026

Respectfully submitted,

_____________/s/__________

Brandi L. Kirkland, Attorney
for the Chapter 13 Trustee
GA Bar No. 423627

K. Edward Safir, Chapter 13 Trustee
285 Peachtree Center Ave., NE
Suite 1600
Atlanta, GA 30303
(404) 525-1110
brandik@atlch13tt.com